**UNITED STATES of America,**
**Appellee,**

v.

**Todd DEMING, Defendant–Appellant,**

---

Drew Deming, Bruce Deming, and Ann Deming, Defendants.

Docket No. 01–1112.

United States Court of Appeals, Second Circuit.

Argued: Oct. 5, 2001.

Decided: Oct. 11, 2001.

Richard E. Kwasnik, Law Office of Richard E. Kwasnik, New York, NY, for Defendant–Appellant.

Adam H. Schuman, Assistant United States Attorney (Loretta E. Lynch, United States Attorney for the Eastern District of New York; Emily Berger, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Before STRAUB, KATZMANN, and MAGILL,[1] Circuit Judges.

PER CURIAM:

Defendant–Appellant Todd Deming ("Deming") appeals from a February 12, 2001 judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*) convicting him, upon his plea of guilty, of two counts of conspiring to commit mail fraud, in violation of 18 U.S.C. § 371, and sentencing him principally to fifty-one months' imprisonment. On appeal, Deming challenges only his sentence, arguing that the District Court erred in applying a two-point enhancement to the applicable United States Sentencing Guidelines ("U.S.S.G.") offense level, pursuant to U.S.S.G. § 2F1.1(b)(3),

---

**1.** The Honorable Frank J. Magill, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

on the ground that he committed his offense through mass-marketing.

■■■ "In reviewing a sentence imposed under the Sentencing Guidelines, we 'accept the findings of fact of the district court unless they are clearly erroneous,' 18 U.S.C. § 3742(e), and 'will not overturn the court's application of the Guidelines to the facts before it unless we conclude that there has been an abuse of discretion.'" *United States v. Hernandez–Santiago*, 92 F.3d 97, 100 (2d Cir.1996) (quoting *United States v. Santiago*, 906 F.2d 867, 871 (2d Cir.1990)). "However, [w]here a sentencing court's application of the Guidelines approaches a purely legal question, we employ a *de novo* standard of review." *Id.* (internal quotation marks omitted).

■■■ The District Court did not err in concluding that Deming utilized mass-marketing to commit his offense. The court found, and there is no dispute, that Deming used printed advertisements and brochures to solicit large numbers of potential customers whom he then defrauded. This type of conduct falls squarely within the meaning of "mass-marketing," which is defined as "a plan, program, promotion, or campaign that is conducted through solicitation by telephone, mail, the Internet, or other means to induce a large number of persons to ... purchase goods or services." U.S.S.G. § 2F1.1, cmt. n. 3 (2000). Contrary to Deming's assertions, nothing in the definition of "mass-marketing" limits its applicability to telemarketing or Internet schemes or excludes mass-marketing tactics that are followed by in-person sales efforts. *Cf. United States v. Pirello*, 255 F.3d 728 (9th Cir.2001).

For the reasons set forth above, we AFFIRM the judgment of the District Court.