**UNITED STATES of America, Appellee,**

v.

**Marcelo ALMEIDA, Defendant–Appellant.**

No. 02–1257.

United States Court of Appeals, Second Circuit.

March 28, 2003.

B. Alan Seidler, Law Office of B. Alan Seidler, Nyack, NY, for Appellant.

Linda A. Lacewell, U.S. Attorney's Office, Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: FEINBERG, VAN GRAAFEILAND, and Honorable F.I. PARKER, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of March, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED in part and DISMISSED in part.

Defendant-appellant Marcelo Almeida appeals from a April 9, 2002 judgment, subsequent to his plea of guilty, sentencing him to imprisonment of 26 months, followed by three years of supervised release, a special assessment of $100, and restitution in the amount of $3000 for violating 18 U.S.C. § 844(e) by making a false bomb threat.

In his appeal, Almeida argues that (1) the government violated the plea agreement when it moved for an upward departure; and (2) the district court abused its discretion in failing to grant him a downward departure.

"In reviewing a sentence imposed under the Sentencing Guidelines, we 'accept the findings of fact of the district court unless they are clearly erroneous,' 18 U.S.C. § 3742(e), and will not overturn the court's application of the Guidelines to the facts before it unless we conclude that there has been an abuse of discretion. However, where a sentencing court's application of the Guidelines approaches a purely legal question, we employ a de novo standard of review." *United States v. Deming,* 269 F.3d 107, 109 (2d Cir.2001) (per curiam) (citations omitted).

The defendant's appeal is completely without merit. "We review interpretations of plea agreements de novo and in accordance with principles of contract law. To

determine whether a plea agreement has been breached, we look[ ] to the reasonable understanding of the parties as to the terms of the agreement." *United States v. Riera*, 298 F.3d 128, 133 (2d Cir.2002). The plea agreement makes no mention of motions for departure, but does include a provision that there are "[n]o promises, agreements or conditions other than those set forth in the agreement." During the plea proceedings, and before Almeida had formally pleaded guilty, the government clearly announced its intention to move for an upward departure. The government's subsequent motion for a departure could not be a violation of the plea agreement; no agreement existed regarding departures.

Furthermore, granting a downward departure is within the district court's discretion and is unreviewable on appeal, *United States v. Miller*, 263 F.3d 1, 3–4 (2d Cir. 2001) (per curiam), unless it is shown "that a violation of law occurred, that the Guidelines were misapplied, or that the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked authority to depart," *United States v. Kalust*, 249 F.3d 106, 110 (2d Cir.), cert. denied sub nom., 534 U.S. 894, 122 S.Ct. 213, 151 L.Ed.2d 152 (2001) (internal quotations omitted). The defendant has not even argued that one of these grounds applies, and the record indicates that they do not. As a result, we do not have jurisdiction to review this claim and that part of the appeal is dismissed.

The judgment of the district court concerning the upward departure is AFFIRMED and the remainder of the appeal is DISMISSED.