REENA RAGGI, *Circuit Judge*, concurring in part and concurring in the judgment:

Like the majority, I conclude that there was no error in sentencing in this case. I join in the court's opinion except for the paragraph expressing, in dicta, "considerable doubt about some aspects of the district court's approach . . . at least in the abstract" to cumulative calculation of intended loss in cases involving multiple attempts to commit fraud. Maj. Op. at **[14]**.

A district court applying Sentencing Guideline 2B1.1 to crimes involving fraud confronts no easy task. The guideline occupies four pages in the Sentencing Manual, followed by sixteen pages of application notes. Some of the most challenging issues arise in connection with the required calculation of "loss." U.S.S.G. § 2B1.1(b). The fraud guideline focuses on loss as "a measure of the seriousness of the offense and the defendant's relative culpability." Id. § 2B1.1 cmt. n.18. Loss is not limited to the actual loss sustained by a victim; rather it is defined as "the greater of actual loss or intended loss." Id. § 2B1.1(b) cmt. n.3(A). The guidelines recognize that absolute precision in calculating loss is not always possible. Thus, a sentencing court "need only make a reasonable estimate of the loss" sustained or intended in a given case, and "appropriate deference" will be accorded its determination. Id. § 2B1.1 cmt. n.3(C).

Calculating intended loss in cases where a defendant uses a single financial instrument or access device in multiple attempts to commit fraud presents particular challenges. As the majority observes, cumulative loss calculation in some cases of unsuccessful attempts risks

1

overstating the seriousness of the crime. On the other hand, ignoring multiple attempts in calculating intended loss risks understating the seriousness of the offense in a way that is equally unsatisfactory. The majority brushes aside this concern, stating that multiple attempts to achieve the same fraudulent objective "may reflect at most the criminal's level of competence at the crime attempted." Maj. Op. at **[15]**. I see the matter differently. Multiple attempts demonstrate more than the defendant's haplessness; they demonstrate his strong commitment to crime. After all, each of the defendant's attempts to defraud constitutes a separate and distinct violation of the law, and an offense committed through multiple criminal acts may well be deemed more serious for purposes of sentencing than an offense involving a single infraction of law. To ignore this fact is to send would-be criminals a message that if at first they do not succeed in their illicit objective, by all means try again because successive attempts to violate the law are "free."

Although neither a system of loss calculation that cumulates all attempts nor one that merges all attempts is wholly satisfactory as a means of measuring the seriousness of a fraud offense, the former approach, as the starting point for determining intended loss, finds support in the guidelines. Application Note 3(A)(ii) to U.S.S.G. § 2B1.1 defines intended loss as "the pecuniary harm that was intended to result from the offense." The guidelines define "offense" broadly to mean "the offense of conviction <u>and</u> all relevant conduct under § 1B1.3." U.S.S.G. § 1B1.1 cmt. n.1(H) (emphasis added). Section 1B1.3 in turn defines "relevant conduct" to include, among other things, "all acts . . . committed . . . by the

2

defendant . . . that occurred during the commission of the offense of conviction" or that "were part of the same course of conduct or common scheme or plan as the offense of conviction." Id. § 1B1.3(a)(1)(A), (a)(2). Thus, when a defendant makes multiple attempts at committing fraud, each attempt is properly considered as a separate act in calculating his guidelines; therefore, the sum of the losses intended by each such act is the proper quantity to assess the seriousness of the overall offense. The fact that a defendant could not succeed in more than one attempt does not preclude cumulative calculation. Application Note 3(A)(ii) states that intended loss "includes intended pecuniary harm that would have been impossible or unlikely to occur." In short, where, as in this case, the offense of conviction involves multiple criminal attempts, the intended loss by each attempt is properly factored into the guideline calculation, even though the defendant may claim that he would not have ventured multiple attempts if his first effort had been successful.

To the extent a cumulative calculation of intended loss may overstate the severity of some multiple attempt offenses, the guidelines anticipate this problem by specifically authorizing downward departures. See U.S.S.G. § 2B1.1 cmt. n.18(C) ("There may be cases in which the offense level determined under this guideline substantially overstates the seriousness of the offense. In such cases, a downward departure may be warranted."). Such an approach to sentencing, which factors multiple criminal attempts into the guideline calculation while still affording the defendant an opportunity to seek a reduced sentence is, on balance, preferable to one that erases multiple attempts from the guideline calculation and

places the burden on the prosecution to seek an upward departure.

For these reasons, I do not join in the majority's expression of concern about the cumulative loss approach taken by the district court in this case.