**UNITED STATES of America, Appellee,**

v.

**Ahmed ELASHMOUNY Defendant–Appellant,**

**Docket No. 03–1082.**

United States Court of Appeals, Second Circuit.

Sept. 10, 2004.

Devin McLaughlin, Middlebury, VT, for Appellant.

John F. Curran, Assistant United States Attorney for the Eastern District of New York, for Appellees.

PRESENT: VAN GRAAFEILAND, JACOBS, and POOLER, Circuit Judges.

*SUMMARY ORDER*

Defendant–Appellant Ahmed Elashmouny appeals from a principal sentence of 44 months incarceration following his guilty plea to charges of, *inter alia,* wire and credit-card fraud in violation of 18

U.S.C. §§ 1343 and 1029. Elashmouny challenges (i) the district court's refusal to grant him a three-level downward adjustment pursuant to § 2X1.1 of the United States Sentencing Guidelines (November 1, 2000 edition); (ii) the court's calculation of the total loss attributable to Elashmouny's frauds at $120,087, resulting in a seven-level increase under the Guidelines; and (iii) the court's refusal to grant him an acceptance-of-responsibility reduction. Familiarity by the parties is assumed as to the facts, procedural context, and the specification of appellate issues. We affirm.

■ "In reviewing a sentence imposed under the Sentencing Guidelines, we 'accept the findings of fact of the district court unless they are clearly erroneous,' 18 U.S.C. § 3742(e), and 'will not overturn the court's application of the Guidelines to the facts before it unless we conclude that there has been an abuse of discretion. However, [w]here a sentencing court's application of the guidelines approaches a purely legal question, we employ a *de novo* standard of review.' " *United States v. Deming,* 269 F.3d 107, 109 (2d Cir.2001) (quoting *United States v. Hernandez–Santiago,* 92 F.3d 97, 100 (2d Cir.1996) (citation and quotation marks omitted)). At sentencing, Elashmouny argued that he was entitled to a three-level reduction under U.S.S.G. § 2X1.1. The district court was initially inclined to agree [A 88–93], but ultimately denied the reduction on the ground that Elashmouny's "core criminality [ ] was endeavoring to obtain a policy after an accident and then make a claim that the accident was covered by that policy" [A 96], not a simple attempt fraudulently to recover $40,000 under then-existing coverage. On these facts, the district court found that the insurer's discovery of the fraud occurred not during the course of the claims process, but as a result of an extraneous "interruption" that took the

fraud outside the scope of U.S.S.G. § 2X1.1. [A 93–97]. The district court's finding was not clearly erroneous or a legal error, nor was its decision to deny Elashmouny a § 2X1.1 deduction an abuse of discretion.

At the time Elashmouny committed his crime, the length of a sentence for fraud was calculated in part based on the amount of the loss under U.S.S.G. § 2F1.1. The relevant application notes instruct that "if an intended loss that the defendant was attempting to inflict can be determined, th[at] figure will be used if it is greater than the actual loss," U.S.S.G. § 2F1.1 n. 8, and that such amount "need not be determined with precision." *Id.* n. 9. During the course of a three-day sentencing hearing the district court made detailed evidentiary findings and ruled that the loss attributable to Elashmouny's fraud exceeded $120,000. Elashmouny disagrees with the district court's calculations but offers no basis to conclude that they are clearly erroneous.

■ Finally, Elashmouny contends that he was improperly denied credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. "[A] sentencing court's evaluation of whether a defendant has accepted responsibility is entitled to great deference on review because of the court's unique position to evaluate a defendant's acceptance of responsibility." *United States v. Remini,* 967 F.2d 754, 761 (2d Cir.1992) (citation and quotation marks omitted). "Whether the defendant has accepted responsibility is a factual question, and [a] district court's determination in this regard should not be disturbed unless it is without foundation." *United States v. Harris,* 13 F.3d 555, 557 (2d Cir.1994) (citation and quotation omitted). It was within the district court's discretion to

deny Elashmouny's request; while he pled guilty to all charges without the benefit of a plea bargain, the district court found that he "frivolously contested some of the relevant conduct ... that the Court ha[d] determined to be true," *e.g.,* his efforts to defraud the Long Island Jet Center.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**

The mandate in this case will be held pending the Supreme Court's decisions in *United States v. Booker,* No. 04–104, 2004 WL 2331491, and *United States v. Fanfan,* No. 04–105, 2004 WL 2331491 (to be argued October 4, 2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decisions, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its order that address the defendant's sentence until after the Supreme Court's decisions in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*