**UNITED STATES of America,**
Appellee,

v.

**Karl Neil Raymond MEDAS,**
Defendant–Appellant.

No. 04–5624.

United States Court of Appeals, Second Circuit.

April 11, 2006.

Estelle Roond, Brooklyn, NY, for Appellant.

Robert M. Radick, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Peter A. Norling, Assistant United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 11th day of April, two thousand and six.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,** **AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED** in part and **VACATED and REMANDED** in part.

Defendant–Appellant Karl Neil Raymond Medas appeals from an October 5, 2004 judgment of the District Court adjudicating him guilty following a jury trial of all six counts of an April 15, 2004 Superceding Indictment charging him with (1) conspiring to import a controlled substance into the United States in violation of 21 U.S.C. § 952(a); (2) importing a controlled substance into the United States; (3) conspiring to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1); (4) possessing with intent to distribute a controlled substance; (5) being found in the United States without permission of the Attorney General after having been deported subsequent to conviction for the commission of an aggravated felony; and (6) making a false statement in a matter within the jurisdiction of the executive branch. The District Court sentenced Medas principally to 324 months' imprisonment.

On appeal, Medas argues (1) that there was insufficient evidence to support a conviction for the conspiracy, possession, and false statements counts, (2) that the District Court erred in admitting evidence of Medas's prior drug crimes, and (3) that the District Court made various errors while imposing its sentence. We conclude (1) that the District Court correctly found that there was sufficient evidence to support a conviction, (2) that the District Court did not err in admitting the evidence of Medas's prior crimes, and (3) that while the District Court did not err in calculating Medas's sentence under the United States Sentencing Guidelines ("Guidelines"), the District Court erred in believing that the Guidelines were mandatory. We therefore affirm the conviction, vacate the sentence

imposed by the District Court, and remand the cause to the District Court for resentencing according to the rule of *United States v. Fagans,* 406 F.3d 138 (2d Cir. 2005).

We assume the parties' familiarity with the underlying facts and procedural history and set forth details below only as necessary to explain our conclusions.

First, we conclude that sufficient evidence supports the jury's verdict of guilty on all counts of the Superceding Indictment. A convicted defendant appealing his verdict for insufficient evidence bears a heavy burden. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (stating that a conviction will be upheld if "any rational trier of fact could have found the essential elements of the crime" beyond a reasonable doubt).

■ As to the two conspiracy counts, the Government introduced the testimony of Rhett James, who testified, *inter alia,* that he and Medas agreed to pick up a courier on August 19, 2003 at John F. Kennedy Airport ("JFK") who was carrying cocaine from Guyana, that he and Medas discussed how they would sell the cocaine after it arrived, and that the two drove together to JFK to collect the courier. In addition to evidence that investigators found bundles of currency amounting to $4,000 on Medas's person and that the courier, Deon Fraser, informed investigators (after being caught at JFK with the cocaine in his baggage) that he was to receive $4,000 for the drugs, James's testimony provides more than sufficient evidence to support the jury's guilty verdict.[1] Medas's argument that James is "a liar" does not render his testimony insufficient to support a conviction.

As to the two substantive drug counts, the same evidence supports the Government's theory that Medas aided and abetted both the importation of cocaine into the United States and the possession of cocaine in the United States by Fraser.

■ As to the false statements count, the Government provided sufficient evidence that Medas told investigators that his name was "Neil Mitchell" despite being named "Karl Medas."[2] Although Medas claims that he legally changed his name to Neil Mitchell after being deported to Guyana following his 1993 state court drug conviction, the Government introduced telephone transcripts at trial showing that Medas's associates continued to call him "Karl" and that Medas answered to that name after his arrest in the matter now before the Court. Medas's story is not plausible, let alone compelling enough to support an insufficiency challenge.

■ Second, the District Court did not err in admitting evidence of Medas's prior drug crimes. We review evidentiary rulings for an abuse of discretion. *See United States v. Yousef,* 327 F.3d 56, 156 (2d Cir.2003) (in applying abuse of discretion standard, we "will not reverse unless the district court's decision was " 'manifestly erroneous' ' "). Medas argued at trial that he was a "patsy mule" of James, "someone you take to the airport to turn on in the event you're caught." Medas's

1. The Government also presented testimony by an Immigrations and Customs Enforcement agent who observed fellow agents arrest Fraser (who had agreed after being caught to cooperate with investigators) and James as they tried to leave JFK, whereupon Medas began "to walk in an extremely fast manner towards the doors," ignored the agent's order to stop, and was himself arrested.

2. After Medas told the Government that his name was "Neil Mitchell," the Government initially indicted him under that name. In the Superceding Indictment the Government indicted him as "Karl Neil Raymond Medas."

knowledge of the drug business, his past collaboration with James, and his trust in James were therefore important issues at trial. Pursuant to Fed.R.Evid. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." This rule allows the introduction of evidence to explain the background of a conspiracy, the prior relationship of and trust between two conspirators, and the knowledge of a defendant. *See, e.g., United States v. Williams,* 205 F.3d 23, 33–34 (2d Cir. 2000); *United States v. Pitre,* 960 F.2d 1112, 1119–20 (2d Cir.1992). The District Court's evidentiary rulings did not constitute an abuse of discretion.

Third, the District Court did not err in imposing sentence except insofar as it acted in the belief that the Guidelines were mandatory and did not articulate a separate sentence for each count of conviction. With regard to his sentence, Medas argues on appeal that the District Court erred in (1) calculating the amount of drugs involved in Medas's crimes, (2) enhancing his sentence because he was a "manager or supervisor" of the conspiracy as defined by Guidelines § 3B1.1(b),[3] (3) sentencing him on the basis of factors not proven to the jury beyond a reasonable doubt, and (4) not issuing separate sentences for each count of conviction.

As to the drug weight and supervisory roles, we review the factual findings of the District Court for clear error. *See United States v. Deming,* 269 F.3d 107, 109 (2d Cir.2001). Considering that the jury's verdict demonstrates that it believed James's testimony, we are not persuaded that the District Court committed clear error in crediting James's testimony in calculating the drug weight. Evidence available to the District Court supports a finding that Medas's crimes involved five or more people and that he played a managerial or supervisory role by, among other actions, securing the assistance of a corrupt customs official in Guyana and allowing drug couriers to stay on his property.

Medas is correct that the District Court (understandably) erred in believing the Guidelines to be mandatory prior to the Supreme Court's decision otherwise in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Fagans,* 406 F.3d 138. We therefore vacate the sentence imposed by the District Court and remand for resentencing. Medas is incorrect, however, in arguing that the District Court may not consider facts proven by a preponderance of the evidence at sentencing. *See United States v. Garcia,* 413 F.3d 201, 220 n. 15 (2d Cir.2005). Under *Booker* and its progeny, a District Court is required to calculate the appropriate Guidelines sentence—using evidence proven to the jury and other evidence available to it—and then to decide whether to sentence a defendant in accordance with the Guidelines.[4]

\*    \*    \*    \*    \*    \*

---

**3.** The provision reads: "If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels."

**4.** On remand, the District Court is directed to announce a sentence for each count of conviction. *See United States v. McLeod,* 251 F.3d 78, 83 (2d Cir.2001). We note, however, that it does not appear that Medas suffered any prejudice from the District Court's failure to articulate separate sentences in its initial imposition of sentence.

For the foregoing reasons, the judgment of the District Court be and hereby **AFFIRMED** in part and **VACATED and REMANDED** in part for resentencing.