**UNITED STATES of America,**
**Appellee,**

v.

**Prince Kayode ADEKOYA,**
**Defendant–Appellant.**

No. 05–3637–CR.

United States Court of Appeals,
Second Circuit.

Jan. 22, 2007.

David Samel, New York, New York, for Appellant.

Robert M. Radick, Assistant United States Attorney (Susan Corkery, on the brief) for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Prince Kayode Adekoya appeals from a June 28, 2005 judgment of conviction entered in the United States District Court for the Eastern District of New York (Gershon, *J.*), sentencing him principally to fifty-seven months' incarceration for the attempted use of an unauthorized access device with intent to fraudulently obtain items worth $1,000 or more during a one-year period, *see* 18 U.S.C. §§ 1029(a)(2), 1029(b)(1), and unauthorized use of a means of identification of another person in connection therewith, *see* 18 U.S.C. § 1028(a)(7). We assume the parties' familiarity with the facts, procedural background and issues presented for review.

*Enhancement for Responsibility for Amounts Lost.* Adekoya argues that the responsibility allocated to him for approximately $237,000 of loss calculated under U.S.S.G. § 2B1.1(b)(1) is based on insufficient evidence, and that the totality of approximately $295,000 of calculated loss was based on conduct that was not "relevant" to the offenses of conviction within the meaning of U.S.S.G. § 1B1.3.

■ We review challenges to a sentencing court's findings of fact for clear error. *See United States v. Deming*, 269 F.3d 107, 109 (2d Cir.2001). The district court committed no clear error here. Its assign-

ment of responsibility for $146,095.88 in loss involving fraudulent charges to Merrill Lynch debit cards is supported by, *inter alia*, the delivery of the purchased merchandise to Adekoya's business address. Its assignment of responsibility for approximately $91,000 in loss in the scheme to defraud Express Point is supported by, *inter alia*, Adekoya's receipt, repackaging and reshipment of goods in a controlled shipment. Less than all of the Express Point merchandise passed through Adekoya, but it was not clear error for the district court to infer that he played a role in all of the loss involved in that scheme.

■ We review for clear error the district court's determination that conduct is "relevant" to sentencing pursuant to U.S.S.G. § 1B1.3. *See United States v. LaBarbara*, 129 F.3d 81, 86 (2d Cir.1997); *United States v. Vasquez*, 389 F.3d 65, 75 (2d Cir.2004) (if a "nominally legal issue" is "bounded by case-specific detailed factual circumstances," clear error review applies) (internal citation omitted). We conclude that all of the loss caused by Adekoya was part of the "same course of conduct" because of the similarity, regularity and timing of the schemes. *See* U.S.S.G. § 1B1.3 Applic. Note 9. The relevant losses being challenged—caused by charges to [i] cards found in Adekoya's possession, [ii] cards used in the Express Point scheme, and [iii] the Merrill Lynch debit cards—all constituted fraud achieved by the use of purloined identifications in order to purchase merchandise on credit. Even if Adekoya played different roles in each of these schemes, at times acting only as a conduit of fraudulently obtained goods, each scheme involved the same course of conduct. *See United States v. Perdomo*, 927 F.2d 111, 115 (2d Cir.1991), superseded by regulation on other grounds as stated in

85

*United States v. McKay,* 183 F.3d 89, 94 (2d Cir.1999).

Adekoya argues that because he did not act alone in these schemes, the loss enhancement was based on the conduct of others which was not appropriately imputed to him under *United States v. Studley,* 47 F.3d 569 (2d Cir.1995). *Studley,* however, requires particularized findings only if the loss was actually caused by another, not simply because a coconspirator was involved in the scheme in which the defendant took part. *Id.* at 574–76.

■ *Reduction for Attempt.* Adekoya argues that, notwithstanding his trial counsel's failure to object, the district court should have applied a three-level reduction in offense level because his conviction was for an attempt. *See* U.S.S.G. § 2X1.1(b)(1). Adekoya used a fraudulently obtained credit card to purchase merchandise at Sears and was apprehended only upon returning to the store to retrieve the merchandise. This is precisely a circumstance in which a defendant "was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." *Id.* Therefore, there was no basis for the reduction which Adekoya seeks.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**