**UNITED STATES of America,
Appellee,**

v.

**Carlo MARTINO, also known as John Gary, Defendant–Appellant.**

**Docket No. 01–1301.**

United States Court of Appeals,
Second Circuit.

Argued: Nov. 30, 2001.

Decided: June 21, 2002.

Gene Primomo, Assistant Federal Public Defender (Barbara E. O'Connor, Assistant Federal Public Defender, and Alexander Bunin, Federal Public Defender, of counsel), Burlington, VT, for Defendant–Appellant.

John M. Conroy, Assistant United States Attorney (Paul J. Van de Graaf, Acting United States Attorney for the District of Vermont, and Gregory L. Waples, Assistant United States Attorney, of counsel), Burlington, VT, for Appellee.

Before WALKER, Chief Judge, JACOBS, and SACK, Circuit Judges.

SACK, Circuit Judge.

Defendant Carlo Martino appeals from a May 21, 2001 judgment of the United States District Court for the District of Vermont (William K. Sessions III, *Judge*) imposing a sentence of 120 months' imprisonment, eight years' supervised release, a special assessment of $200, and a forfeiture order after he pleaded guilty to one count of conspiracy to distribute in excess

of one hundred kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) & 846. On appeal, Martino challenges the district court's imposition of a mandatory minimum sentence of 120 months based on a November 7, 1996 Texas state conviction for possession of marijuana on the ground that the conviction was not alleged in the indictment. Martino also argues that, because his earlier conviction occurred during and was based on conduct that was part of the conspiracy for which he has now been sentenced under federal law, the district court's determination that this earlier conviction was a "prior conviction" for the purposes of 21 U.S.C. § 841(b)(1)(B) was wrong. Agreeing with the district court on both issues, we affirm the judgment.

## BACKGROUND

On October 19, 2000, a federal grand jury in the District of Vermont handed down a five-count indictment against the defendant, Carlo Martino, alleging, *inter alia*, that he had violated 21 U.S.C. §§ 841(a)(1) & 846. The indictment did not allege that Martino had any prior convictions for felony drug offenses. On November 20, 2000, the government filed an information pursuant to 21 U.S.C. § 851(a)(1) alleging that Martino had been convicted in state court in Potter County, Texas, of a drug felony offense—possession of marijuana—on November 7, 1996.

Martino entered into a plea agreement on November 29, 2000, in which he pleaded guilty to one of five counts in the indictment: conspiracy to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. § 846. He further acquiesced in the forfeiture of property that either had been used to facilitate or constituted proceeds of the drug conspiracy. The count to which Martino pleaded guilty alleged that the conspiracy to distribute marijuana

began on or about January 1, 1995 and continued to December 12, 1998. Martino also conceded that in 1996 he had been arrested in possession of 200 pounds of marijuana near Amarillo, Texas, an arrest that led to his November 7, 1996 conviction. Finally, he admitted that in December 1998 he had arranged for a co-conspirator, Frank Lanza, to receive 400 pounds of marijuana, which Martino had shipped to Burlington, Vermont.

Before sentencing, Martino argued that his 1996 Texas conviction could not be the basis for a sentencing enhancement under 21 U.S.C. § 841(b)(1)(B) because it had not been alleged in the indictment as required under the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He further contended that the Texas conviction was not "prior" within the meaning of the statute because it formed part of the conspiracy upon which his present guilty plea rested and had been an act in furtherance of that conspiracy. The government conceded that the marijuana involved in the 1996 Texas conviction had been part of the conspiracy alleged in the federal indictment. The district court nonetheless rejected both arguments, observing at the sentencing hearing that (1) the 120 month mandatory minimum fell short of the statutory maximum of forty years, and (2) the 1996 Texas conviction was a valid ground for augmenting Martino's sentence because it had been succeeded by "further acts . . . in the course of the conspiracy." Hearing Tr., May 21, 2001, at 8.

On May 21, 2001, the district court sentenced Martino to the mandatory minimum of 120 months' imprisonment for those with one prior drug-related felony conviction under 21 U.S.C. § 841(b)(1)(B). Although Martino's sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") was 108 to 135

months, as a result of the prior conviction, the range was narrowed by operation of statute to between the mandatory-minimum 120 months and the Guideline-maximum 135 months.

## DISCUSSION

### I. Standard of Review

We review questions of law concerning the Guidelines *de novo. United States v. Deming,* 269 F.3d 107, 109 (2d Cir.2001) (per curiam). Findings of fact are reviewed for clear error. *Id.*

### II. Martino's *Apprendi* Challenge

■ Martino's threshold argument is that a mandatory minimum may not, under *Apprendi,* be imposed based on a prior conviction that was not alleged in the indictment. We have previously recognized that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that "recidivism [need not] be treated as an element of [the] offense," *id.* at 247, 118 S.Ct. 1219. *See United States v. Anglin,* 284 F.3d 407, 409 (2d Cir.2002) (per curiam); *United States v. Latorre Benavides,* 241 F.3d 262, 263–64 (2d Cir.) (per curiam), *cert. denied,* 532 U.S. 1045, 121 S.Ct. 2013, 149 L.Ed.2d 1014 (2001); *see also United States v. Santiago,* 268 F.3d 151, 156 (2d Cir.2001) ("[W]e read *Apprendi* as leaving to the judge, consistent with due process, the task of finding not only the mere fact of previous convictions but other related [factual] issues ... [including] the 'who, what, when, and where' of a prior conviction."), *cert. denied,* —— U.S. ——, 122 S.Ct. 1946, 152 L.Ed.2d 849 (2002). "*Apprendi* is inapplicable to Guidelines calculations that do not result in a sentence on a single count above the statutory maximum for that count." *United States v. McLeod,* 251 F.3d 78, 82 (2d Cir.), *cert. denied,* —— U.S.

——, 122 S.Ct. 304, 151 L.Ed.2d 226 (2001); *accord United States v. Garcia,* 240 F.3d 180, 183–84 (2d Cir.), *cert. denied,* 533 U.S. 960, 121 S.Ct. 2615, 150 L.Ed.2d 769 (2001). Martino's sentence of 120 months falls below the forty-year statutory maximum applicable in the absence of a prior conviction, *see* 21 U.S.C. § 841(b)(1)(B), avoiding any problem under *Apprendi.*

### III. The Scope of Prior Convictions for Mandatory Minimum Purposes

#### A. *Applicable Law*

■ For violating 21 U.S.C. § 846, Martino was required to receive a mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B). Under this sentencing provision, absent certain enumerated facts not relevant here, a district court may impose a sentence of between five and forty years. *Id.* § 841(b)(1)(B). But "[i]f any person commits ... a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment...." *Id.* Martino contends that "[i]t defies logic to consider an offense which occurred in the middle of another offense as 'prior to' that second offense...." Appellant's Br. at 10. He argues that his 1996 Texas conviction therefore cannot be a basis for augmenting his Guideline minimum sentence. His argument requires that we determine, as a matter of first impression in this Circuit, the meaning of the phrase "after a prior conviction for a felony drug offense has become final" in § 841(b)(1)(B).

As a threshold matter, we reject Martino's suggestion that Congress intended in § 841(b)(1)(B) to punish only those who have committed offenses completely independent of and prior to the conviction at

hand. Had Congress wanted to enhance mandatory minimums based only on convictions for conduct entirely prior to that encompassed by the conviction being imposed, it had means to do so. In U.S.S.G. § 4A1.2(a)(1), regarding the computation of criminal history, the phrase "prior sentence" is defined to mean "any sentence previously imposed upon adjudication of guilt ... for conduct *not part* of the instant offense." *Id.* (emphasis added). When a prior conviction encompasses some of the conduct for which a defendant is convicted in the case at hand, "the sentence[ ] previously imposed for that conduct [can]not properly be considered 'prior' ... within the meaning of Guidelines § 4A1.2(a)(1)." *United States v. Thomas,* 54 F.3d 73, 83 (2d Cir.1995); *accord United States v. Walker,* 142 F.3d 103, 115 (2d Cir.), *cert. denied,* 525 U.S. 896, 119 S.Ct. 219, 142 L.Ed.2d 181 (1998). Thus Congress, had it wished to, could have imposed a mandatory minimum enhancement only for conduct entirely prior to the conviction at issue by adopting the language of § 4A1.2(a)(1). By choosing language different from § 4A1.2(a)(1), Congress suggested that it meant to increase punishment in cases in addition to those where convictions were entirely prior to the conduct for which the current sentence was being imposed. *See United States v. Garcia,* 32 F.3d 1017, 1019 & n. 2 (7th Cir. 1994) (distinguishing 21 U.S.C. § 841(b)(1)(A) from U.S.S.G. § 4A1.2(a)(1) on this ground).

Although § 841 "contains no definitions of the terms 'prior' and 'final' convictions," *United States v. Howard,* 115 F.3d 1151, 1158 (4th Cir.1997), circuit courts addressing this question have nonetheless unanimously concluded that the conduct upon which a prior conviction rests need not be entirely separate from the conduct underlying the conviction for which the defendant is currently being sentenced. They have differed, however, as to what it is

that must transpire before a prior conviction may be a basis for the enhanced mandatory minimum. All have determined, in other words, that some overlap between the acts that form the basis of the prior conviction and the acts that form the basis of the present conviction is permissible, but how much provokes disagreement.

The Fourth, Seventh, and Eleventh Circuits have held that "it is ... appropriate to focus on the degree of criminal activity that occurs after a defendant's conviction for drug-related activity is final rather than when the conspiracy began." *Garcia,* 32 F.3d at 1020; *accord Howard,* 115 F.3d at 1158 (requiring evidence of "continued involvement" in crime after the putatively prior conviction); *United States v. Hansley,* 54 F.3d 709, 717 (11th Cir.) (following the Seventh Circuit's reasoning in *Garcia* ), *cert. denied,* 516 U.S. 1014, 116 S.Ct. 575, 133 L.Ed.2d 498 (1995). The Sixth and Eighth Circuits, on the other hand, focus the inquiry on whether "the convictions constitute[ ] separate criminal episodes for enhancement purposes under § 841(b)." *United States v. Johnston,* 220 F.3d 857, 862 (8th Cir.2000); *accord United States v. Hughes,* 924 F.2d 1354, 1361 (6th Cir.1991) (requiring "a separate criminal episode, an offense that was distinct in time" or an episode "that is part of a series, but [which] forms a separate unit within the whole"); *cf. United States v. VanDoren,* 182 F.3d 1077, 1083 (9th Cir. 1999) (holding that a prior, final conviction may be one that is "part of the same conspiracy" for which the defendant is charged in the case at hand).

■ We agree with the Fourth, Seventh, and Eleventh Circuits. The dispositive question for purposes of enhancing a mandatory minimum under 21 U.S.C. § 841(b)(1)(B) for a defendant's prior drug-related final conviction is, in our view, whether or not the defendant ceased criminal activity after the prior conviction.

*See Garcia,* 32 F.3d at 1019. A defendant's sentence must therefore be enhanced if there is "continued involvement" in criminality subsequent to the prior conviction. *Howard,* 115 F.3d at 1158. This view fits better, we think, with the intent of Congress to punish recidivism. "The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England.... [T]he repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted." *Graham v. West Virginia,* 224 U.S. 616, 623, 32 S.Ct. 583, 56 L.Ed. 917 (1912); *see also Almendarez–Torres,* 523 U.S. at 243, 118 S.Ct. 1219 (describing recidivism as "a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence"); *McDonald v. Massachusetts,* 180 U.S. 311, 312–13, 21 S.Ct. 389, 45 L.Ed. 542 (1901) (upholding Massachusetts's imposition of additional penalties for repeat offenders). Focusing on a defendant's failure to refrain from criminal activity after his or her prior conviction, when determining if a past conviction is distinct from the conviction at hand, reflects and furthers the goal of targeting recidivists because it relies on specific evidence that a defendant has not accepted or abided by the significance of the censure inherent in his or her previous criminal conviction.

■ We therefore hold that to demonstrate that a particular final conviction is "prior" under § 841(b)(1)(B), the government must demonstrate that a defendant had a meaningful opportunity to refrain from criminal activity and instead engaged in criminality anew.* The government must demonstrate this by at least a preponderance of the evidence. *See United States v. Feola,* 275 F.3d 216, 218 (2d Cir.2001) (per curiam) ("Facts in support of sentencing need only be proven by a preponderance of the evidence.").

**B. Martino's "Prior" Conviction**

■ The record supports the district court's conclusion that a preponderance of the evidence shows that Martino engaged in substantial additional criminal behavior between his November 1996 Texas conviction and December 12, 1998. Martino's state conviction became final on November 7, 1996. He nonetheless continued to engage in significant acts in furtherance of the conspiracy—such as arranging in December 1998 for one of his coconspirators to transport more than 400 pounds of marijuana—for more than two years after the state conviction became final. These acts, substantive offenses in themselves, constitute different offenses. *United States v. Felix,* 503 U.S. 378, 390, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992); *accord Pinkerton v. United States,* 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *Garcia,* 32 F.3d at 1019 n. 1. This easily establishes Martino's recidivism. *Cf. Hansley,* 54 F.3d at 717 (holding that eighteen months of "drug-related, conspiratorial activity" sufficed to show recidivism). His argument that the mandatory minimum of 120

---

* We address only the issue before us, *i.e.,* how separate a *prior* final conviction must be from the *present* conviction. A different analysis might apply when determining whether two prior offenses arising out of a single set of factual circumstances constitute one or two prior offenses for sentencing enhancement purposes. *Cf. United States v. Gray,* 152 F.3d 816, 821 (8th Cir.1998) ("[I]f two or more prior drug felony convictions result from acts forming a single criminal episode, they should be treated as a single conviction for sentencing enhancement under section 841(b)(1)(A).") (citations and internal quotation marks omitted), *cert. denied,* 525 U.S. 1169, 119 S.Ct. 1091, 143 L.Ed.2d 91 (1999); *United States v. Blackwood,* 913 F.2d 139, 145–46 (4th Cir.1990) (holding that "the language 'prior' or 'previous convictions,' when used for sentencing enhancement, means separate criminal episodes, not separate convictions arising out of a single transaction").

months under § 841(b)(1)(B) should not be applied to him therefore lacks merit.

Finally, we need not and do not address Martino's argument that the district court double-counted by using the conduct that led to the 1996 conviction as "relevant conduct" in this case. In a sentencing memorandum to the district court, the defendant conceded that the Guideline calculations would not be altered even if the 205 pounds of marijuana seized in 1996 by the Texas authorities had not been taken into account. The defendant explained that "removal of the 205 pounds from the total drug calculation results in a quantity of 759.78 kilograms, still above the 700 kilogram cut-off in the Guidelines which results in a higher Guideline level." Def.'s Sentencing Mem. of April 9, 2001, at 6 n. 3. Thus, any double-counting would have had no impact on Martino's sentence.

## CONCLUSION

The judgment of the district court is affirmed.