UNITED STATES of America,
Appellee–Cross–Appellant,

v.

Justin D. POWELL, Defendant–
Appellant–Cross–Appellee.

Docket Nos. 04–0619–CR(L),
04–1491–CR(XAP).

United States Court of Appeals,
Second Circuit.

Argued Oct. 21, 2004.

Decided April 13, 2005.

Lisa A. Peebles, Assistant Federal Public Defender, Syracuse, N.Y. (Alexander Bunin, Federal Public Defender, Melissa A. Tuohey, Assistant Federal Public Defender, Syracuse, NY, of counsel), for Defendant–Appellant–Cross–Appellee.

John Katko, Assistant United States Attorney, Northern District of New York, Syracuse, N.Y. (Glenn T. Suddaby, United States Attorney, Elizabeth S. Riker, Deputy Appellate Chief, Office of the United States Attorney, Northern District of New York, Syracuse, NY, of counsel), for Appellee–Cross–Appellant.

Before: MESKILL, SACK and B.D. PARKER, Circuit Judges.

MESKILL, Circuit Judge.

A defendant who is convicted of a drug offense involving fifty or more grams of crack cocaine and who has two or more prior felony drug convictions is subject to a mandatory minimum sentence of life imprisonment. In this appeal, we are required to determine what constitutes "two or more" felony drug convictions. The United States District Court for the Northern District of New York, Hurd, *J.*, determined that Justin Powell's two previous crack possession convictions—separated by seven months and 250 miles—should be treated as one for sentencing purposes. Because the offenses underlying Powell's prior convictions were not part of a single criminal episode, we disagree and so vacate and remand for re-sentencing.

## I.

Powell and co-defendant Leon Henry were indicted on May 29, 2002. The government filed a superseding indictment on October 3, 2002, charging Powell and Henry with one count of conspiracy to distribute and to possess with the intent to distribute cocaine and crack, in violation of 21 U.S.C. § 846, and three substantive counts of distributing and possessing with intent to distribute crack, in violation of 21 U.S.C. § 841. The indictment also charged Powell with one or more prior felony narcotics convictions. On October 28, 2002, the government filed an Enhanced Penalty Information specifying Powell's prior convictions. *See* 21 U.S.C. § 851.

In essence, Powell was charged with supplying crack to a confidential informant, Brock McCrory, and Henry was charged with being Powell's supplier. McCrory bought crack from Powell off-and-on starting in early 2000. On April 8, 2002, in an effort to receive leniency after being arrested, McCrory contacted Watertown police detective Richard Purvis and told Purvis that he had arranged a crack deal: McCrory was to meet Powell and Henry in a Burger King that night. Accordingly, Purvis outfitted McCrory with a "wire" and gave him $300 in marked bills. At the restaurant, McCrory met Henry and Powell; Powell and McCrory then went into the men's room, where McCrory purchased seven grams of crack for $300. When the sale was complete, Henry and Powell left together.

Later, McCrory and Powell spoke on the telephone (Powell using Henry's cell phone) and set up another deal for the following day, April 9, 2002. On McCrory's tip, Watertown police officers intercepted Powell and Henry en route to the deal and discovered twenty-six grams of crack.

On November 15, 2002, a jury convicted Powell and Henry of the conspiracy count as well as two of the three substantive counts—those pertaining to the April 8 and 9 transactions just described. The jury also found both defendants responsible for fifty or more grams of crack on the conspiracy count, and five to fifty grams of crack on each of the two substantive counts.

On January 16, 2004, the district court sentenced Powell to 240 months imprisonment—the same sentence that Henry previously had received. In arriving at this sentence, the court declined to apply that portion of section 841 of Title 21 that mandates a life sentence for any defendant convicted of a drug offense involving fifty or more grams of crack cocaine [1] and who has two or more prior final felony drug convictions.

Even though Powell had been convicted twice before of Criminal Possession of a Controlled Substance in the Third Degree, see N.Y. Penal Law § 220.16—once after being arrested in New York City on February 4, 1990, and then again after being arrested in Utica on September 2, 1990—the district court determined that the prior convictions should be "considered one conviction for statutory purposes." It based this decision "on the close proximity of the offenses, seven months," and "the lack of close proximity with the offens[e of] conviction, twelve years." The court also noted that "the offense[s] involved the distribution of the same substance, crack cocaine; the sentences ran concurrent, and for unknown circumstances youthful offender was not considered at sentencing." With only one prior felony drug conviction, Powell's mandatory minimum sentence was twenty years. See 21 U.S.C. § 841(b)(1)(A). Because the prescribed sentence under the United States Sentencing Guidelines was 360 months to life, the district court also employed a downward departure to Powell's criminal history level to permit it to sentence him to the minimum, 240 months.

Powell then appealed his conviction, challenging the sufficiency of the evidence against him, and the government cross-appealed Powell's sentence. By order is-

---

1. Actually, the statute refers to "cocaine base," rather than "crack," 21 U.S.C. § 841, and we are cognizant that the two are not precisely the same. See United States v. Jackson, 968 F.2d 158, 162 (2d Cir.1992). Indeed, "[a]ll crack is cocaine base but not all cocaine base is crack." United States v. Edwards, 397 F.3d 570, 571 (7th Cir.2005). However, because Powell's conduct involved crack, we use that more colloquial term throughout.

sued together with this opinion, we affirm the judgment of conviction. We now address the government's cross-appeal.

## II.

Under 21 U.S.C. §§ 841(b)(1)(A) and 846, anyone who is convicted of conspiracy to possess with intent to distribute a controlled substance is subject to a mandatory minimum sentence of life imprisonment if two conditions adhere. *First,* the violation must have involved a threshold amount of the controlled substance—in the case of substances containing crack, fifty or more grams. *Second,* the violation must have occurred "after two or more prior convictions for a felony drug offense have become final." *Id.* § 841(b)(1)(A).

The government argues that the court below misapplied the second condition and erred by treating Powell's prior drug convictions as one.[2] Powell, in addition to defending the district court's decision, argues that his conviction does not satisfy the first condition, *i.e.,* that the court erred in adopting the jury's finding that he was responsible for more than fifty grams of crack.

## A.

The first requirement for a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) is that the crime involved the requisite drug quantity—here, fifty or more grams of crack cocaine. Powell contends that the government failed to prove that his crime involved enough drugs and that the district court erred in adopting the jury's finding otherwise.

The district court must find drug quantity by a preponderance of the evidence, *see United States v. Shonubi,* 998 F.2d 84, 89 (2d Cir.1993), and we will affirm unless that determination was clearly erroneous, *see United States v. Pico,* 2 F.3d 472, 475 (2d Cir.1993).

Here, the evidence of drug amount was overwhelming. McCrory testified that between January and May 2001, he purchased between a half ounce and an ounce of crack from Powell on fifteen occasions. (One ounce is equal to 28.35 grams). McCrory also testified that, between late June 2001 and late August 2001, he and his brother purchased between half an ounce and four ounces of crack from Powell on approximately fifty-five occasions. McCrory also testified that the 60.7 grams of crack found on his brother when he (the brother) was arrested in August 2001 were purchased from Powell.[3] Finally, the April 8 transaction involved 6.85 grams, and when Powell and Henry were arrested on April 9, police found 26.63 grams attributable to Powell.

In total, there was evidence that Powell was responsible for between 1,086.43 and 6,756.43 grams of crack. The evidence, therefore, easily demonstrated that the Powell/Henry conspiracy was responsible for more than fifty grams. Powell's argument that this evidence was insufficient and that the district court erred in adopt-

---

2. The government also argues, in the alternative, that the court erred in departing downward with respect to Powell's criminal history level. Because we agree with the government that the district court misapplied the mandatory minimum statute, we do not address its Guidelines argument.

3. This transaction was the basis for the substantive count of which Powell was acquitted.

The sentencing court was entitled to consider acquitted conduct in determining the total drug amount, however. *See United States v. Penaranda,* 375 F.3d 238, 242 (2d Cir.2004) (in banc) ("judicial fact-finding ... extend[s] even to acquitted conduct 'so long as that conduct has been proved by a preponderance of the evidence.'") (quoting *United States v. Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (per curiam)).

ing the jury's finding to the contrary is incredible.

### B.

The second requirement for a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) is that the violation must have occurred "after two or more prior convictions for a felony drug offense have become final." The district court concluded that Powell's two prior felony drug convictions should be treated as one, and therefore declined to impose a mandatory life sentence.

■ We have not yet explicitly articulated the standard for reviewing a determination of whether prior felony narcotics convictions under section 841(b)(1)(A) should be treated separately, nor have we said what constitutes a separate conviction. Typically, because such findings are deeply factual, they should be reviewed for clear error. *See United States v. Rice,* 43 F.3d 601, 606 (11th Cir.1995). *Cf. United States v. Brothers,* 316 F.3d 120, 122–23 (2d Cir. 2003) (per curiam). However, the question of what, as a matter of statutory construction, constitutes a separate conviction is a question of law that must be decided *de novo. Cf. United States v. Gayle,* 342 F.3d 89, 91 (2d Cir.2003); *United States v. Rood,* 281 F.3d 353, 355 (2d Cir.2002).

In *United States v. Martino,* we considered "how separate a *prior* final conviction must be from the *present* conviction" to constitute a prior felony drug conviction under section 841(b)(1)(B), holding that to be considered separate, a defendant must have "had a meaningful opportunity to refrain from criminal activity and instead engaged in criminality anew." 294 F.3d 346, 351 & n. * (2d Cir.2002). We noted that "[a] different analysis might apply when determining whether two prior offenses arising out of a single set of factual circumstances constitute one or two prior offenses for sentencing enhancement pur-

poses" under section 841(b)(1)(A). *Id.* at 351 n. *. We also cited *United States v. Gray,* where the Eighth Circuit confronted this question directly, holding that "if two or more prior drug felony convictions result from acts forming a single criminal episode, they should be treated as a single conviction for sentencing enhancement under section 841(b)(1)(A)." 152 F.3d 816, 821 (8th Cir.1998) (internal quotation marks omitted) (cited in *Martino,* 294 F.3d at 351 n. *).

■ We agree with this standard, adopted by many of our sister circuits. *See, e.g., Rice,* 43 F.3d at 605–06; *United States v. Liquori,* 5 F.3d 435, 437 (9th Cir.1993); *United States v. Pace,* 981 F.2d 1123, 1132 (10th Cir.1992); *United States v. Hughes,* 924 F.2d 1354, 1361 (6th Cir. 1991); *United States v. Blackwood,* 913 F.2d 139, 145–46 (4th Cir.1990). Two prior felony drug convictions should be treated as one *if and only if* the conduct underlying both convictions was part of a "single criminal episode." Any other construction would be at odds with both the plain language of the statute—two means two—as well as with Congress' recognized goal in enacting mandatory minimum sentences for recidivist drug offenders, *see, e.g., Hughes,* 924 F.2d at 1361.

■ Applying this standard, we conclude that it was clear error for the district court to consider Powell's two prior convictions as one. The offenses were not in any reasonable sense part of a single criminal episode. Indeed, they were committed seven months apart in cities separated by almost 250 miles. While Powell is correct in noting that "a single act of possession may occur over a period of time and in a range of locales," *United States v. Ford,* 88 F.3d 1350, 1365 (4th Cir.1996), this is not such a case. Powell was arrested in New York City and his drugs were seized; he therefore possessed different drugs when

he was arrested in Utica. The district court's observation that both offenses involved the same substance, crack, is irrelevant. It is also irrelevant that the two sentences were set to run concurrently. Under New York law, a sentencing court is free to decide whether, when a person is subject to an undischarged term of imprisonment imposed at a previous time, the sentence on a new conviction should run concurrently or consecutively to the previous one. *See* N.Y. Penal Law § 70.25(1). In fact, the default is that the sentences should run concurrently. *See id.* § 70.25(1)(a).

There is no evidence on this record to suggest any connection between Powell's prior convictions other than the obvious: Powell is a recidivist crack dealer. On facts much more stark than these, courts have applied the mandatory minimum life sentence. In *Gray*, for example, the defendant sold methamphetamines to a police informant on two consecutive days. *See* 152 F.3d at 821. Still, the Eighth Circuit held that the convictions on these two sales—even though both were obtained *in the same trial*—were not part of a single criminal episode, and thus were separate for purposes of the statute. *See id.* at 821–22.

We understand the district court's obvious reluctance to impose a life sentence on a defendant whose prior felony drug convictions were committed years earlier, when the defendant was a minor. We are sympathetic, as well, towards Powell's "borderline to low average intelligence" and his history of behavioral problems. It is, however, Congress' prerogative to set mandatory minimums, *see Harris v. United States,* 536 U.S. 545, 568–69, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), and in this case the mandatory minimum is life imprisonment.

### III.

For the reasons just given, the judgment of the district court is vacated, and the case is remanded for re-sentencing in accordance with this opinion.