**UNITED STATES of America,**
**Appellee,**

v.

**Wayne WINT, also known as Sealed Deft. 2, also known as Bigga, Defendant–Appellant.**

**Docket No. 04–4307.**

United States Court of Appeals, Second Circuit.

July 25, 2005.

Bruce R. Bryan, Syracuse, NY, for Appellant.

Carl K. Boykin, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Elizabeth S. Riker, Miroslav Lovric, Assistant United States Attorneys, on the brief), Syracuse, NY, for Appellees, of counsel.

Present: POOLER, SACK, Circuit Judges, and GARAUFIS, District Judge.*

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Defendant-appellant Wayne Wint appeals from his July 28, 2004, amended conviction and sentence of 240 months in the United States District Court for the Northern District of New York (McAvoy, *J.*) for conspiracy to commit narcotics violations in violation of 21 U.S.C. §§ 846 and 841(a) following a guilty plea. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

---

* The Honorable Nicholas G. Garaufis, United States District Judge for the Eastern District of New York, sitting by designation.

Under 21 U.S.C. § 841(b)(1)(A), for violations involving certain drug amounts, a sentence of ten years to life is generally authorized, and a sentence of twenty years to life is authorized where the defendant has a prior felony drug conviction. Wint primarily argues that the imposition of the twenty-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A) was improper because his prior state conviction was based on an overt act of the conspiracy of which he was convicted below.

■ In nearly identical circumstances, we have held that the enhanced minimum applies "if there is 'continued involvement' in criminality subsequent to the prior conviction." *United States v. Martino*, 294 F.3d 346, 351 (2d Cir.2002). Given Wint's decision not to proceed with a hearing on such continued involvement because "[h]e'd be unsuccessful," and his testimony of continued involvement in his Section 2255 hearing, the district court did not clearly err in its finding that Wint remained involved with the conspiracy after his state conviction. *United States v. Powell*, 404 F.3d 678 (2d Cir.2005), which Wint cited to us in a letter submitted pursuant to Federal Rule of Appellate Procedure 28(j), is not to the contrary. Indeed, *Powell* involved the issue of whether to count multiple prior convictions arising out of the same conduct individually, and distinguished *Martino* on that ground.

■ Wint raises numerous other arguments that are similarly without merit. First, he argues that the judicial fact-finding here violates his Sixth Amendment rights, but the facts found here do not increase the applicable statutory maximum and thus do not implicate the Sixth Amendment. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

■ Wint next argues that the state and federal sentence are dual punishments that violate the Double Jeopardy Clause of the Fifth Amendment, but punishments by separate sovereigns do not implicate Double Jeopardy concerns. *See Heath v. Alabama*, 474 U.S. 82, 88–89, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985).

■ He further argues that United States Sentencing Guidelines § 5G1.3 permits adjustment of the federal sentence to take account of his state sentence, but we have held that Section 5G1.3 applies only to undischarged sentences, not to sentences that are already completed. *United States v. Labeille–Soto*, 163 F.3d 93, 98–99 (2d Cir.1998). He argues that Section 841 and United States Sentencing Guidelines § 5G1.1 similarly authorize such adjustment, but fails to identify any language supporting that conclusion.

■ Finally, Wint argues that he is entitled to a remand under *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), but we have held that no *Crosby* remand is available where the defendant has been sentenced at the mandatory minimum and no relief would be available on remand. *United States v. Sharpley*, 399 F.3d 123, 127 (2d Cir.2005).

We have considered Wint's remaining arguments and find them to be without merit. Accordingly, we affirm the judgment of the district court.