**UNITED STATES of America,**
**Appellee,**

v.

**John GARGANO, Defendant–Appellant.**

**No. 04–6476–CR.**

United States Court of Appeals,
Second Circuit.

Aug. 11, 2005.

Nancy Lee Ennis, New York, NY, for Appellant.

Deirdre A. McEvoy, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, John M. Hillebrecht, Assistant United States Attorney, on the brief), New York, NY, for Appellee, of counsel.

Present: POOLER, SOTOMAYOR, Circuit Judges, and KORMAN, District Judge.*

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant John Gargano appeals from his December 1, 2004, conviction, following a guilty plea, in the United States District Court for the Southern District of New York (Keenan, *J.*) for narcotics violations, *see* 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1), and 846 ("federal conviction"). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

A sentence of ten years to life is generally authorized, pursuant to 21 U.S.C. § 841(b)(1)(A), for narcotics violations that involve specified drug amounts. When the defendant has a prior felony drug conviction, the statute mandates a minimum sentence of twenty years. *Id.*

Gargano primarily argues that the imposition of the twenty-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A) was erroneous because his prior New Jersey state conviction was based on the same conduct as his federal conviction. Assuming that Gargano's guilty plea did not waive his right to challenge the use of the New Jersey state convictions, Gargano's claim fails on the merits. This court has held that the twenty-year mandatory minimum applies "if there is 'continued involvement' in criminality subsequent to the prior conviction." *United States v. Martino*, 294 F.3d 346, 351 (2d Cir.2002). Because Gargano admitted to involvement in narcotics violations subsequent to his New Jersey state conviction, the district court properly applied the twenty-year mandatory minimum.

Relatedly, Gargano argues that the state and federal sentences are dual punishments that violate the Double Jeopardy Clause of the Fifth Amendment. It is well settled, however, that punishments by separate sovereigns do not implicate the Double Jeopardy Clause. *See Heath v. Ala-*

*bama*, 474 U.S. 82, 88–89, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985).[2]

We have considered Gargano's remaining arguments and find them to be without merit. Accordingly, we affirm the judgment of the district court.

---

2. Nevertheless, the Department of Justice has established a policy, sometimes referred to as the "Petite Policy," which prescribes the circumstances under which such a dual prosecution may be commenced and which "contains a procedural prerequisite to be satisfied, that is, the prosecution must be approved by the appropriate Assistant Attorney General." *United States Attorneys' Manual* at § 9–2.031(A). Subject to certain exceptions, "the United States will move to dismiss any prosecution governed by this policy in which prior approval was not obtained." *Id.* at 9–2.031(E). While the policy does not confer any right on a defendant to obtain relief, the Solicitor General has enforced this policy on appeal by moving to vacate a judgment of conviction in cases in which it has not been complied with. *See Rinaldi v. United States*, 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977); *Petite v. United States*, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960). We assume that the prosecution here was either commenced with permission of the Assistant Attorney General or that the United States Attorney determined that it came within one of the exceptions excusing the need for such authorization. *See United States Attorneys' Manual* at § 9–2.031(B).