**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4215**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANNIE MURPHY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-03-474)

———————

Submitted:  January 9, 2006          Decided:  March 3, 2006

———————

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Andrew R. Mackenzie, BARRETT MACKENZIE, L.L.C., Greenville, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dannie Murphy appeals his conviction and sentence imposed after he pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base or crack cocaine and 5 kilograms of cocaine, in violation of 18 U.S.C. §§ 841(b)(1)(A), 846 (2000). On appeal, Murphy's counsel filed a brief under Anders v. California, 386 U.S. 738, 744 (1967), stating there were no meritorious issues, but raising the issue of whether the district court erred in using a prior conviction to increase the mandatory statutory minimum sentence under § 841(b)(1)(A). Murphy filed a pro se supplemental brief alleging ineffective assistance of counsel. We affirm.

The prior predicate conviction for distribution of crack cocaine, although occurring during the course of an 18-year long conspiracy, was properly used to enhance the mandatory statutory minimum sentence. United States v. Martino, 294 F.3d 346, 350-51 (2d Cir. 2002); United States v. Hughes, 924 F.2d 1354, 1361-62 (6th Cir. 1991).

Murphy contends counsel was ineffective on a number of counts. The proper proceeding in which to pursue an ineffective assistance of counsel claim is not a direct appeal but a collateral proceeding under 18 U.S.C. § 2255 (2000). United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). We will entertain such a claim on direct appeal only if it "conclusively appears" from the

- 2 -

record that the defendant's counsel was ineffective. <u>United States v. Russell</u>, 221 F.3d 615, 619 n.5 (4th Cir. 2000). Because the record is incomplete in this regard, the claim will not be reviewed.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Murphy's convictions and sentence. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>