DAVID N. HURD, United States District Judge
I. INTRODUCTION
Defendant Justin Powell ("Powell" or "defendant") is currently serving a life sentence without the possibility of release. He is presently incarcerated at the United States Penitentiary, Lee.
Defendant Powell has moved pursuant to the First Step Act of 2018, Public Law 115-391, to reduce his sentence of life imprisonment. The United States of America (the "Government") opposed and defendant replied in further support of his motion. The Government thereafter filed a supplemental response, withdrawing and clarifying a portion of its prior arguments.
Oral argument was heard today, March 14, 2019, in Utica, New York. At my direction, defendant Powell was present in the courtroom today for this important proceeding. Following oral argument by counsel, a bench decision was read into the record. Defendant Powell was provided an opportunity to speak and then re-sentenced under the Fair Step Act of 2018. This Memorandum-Decision and Order memorializes today's proceeding.
II. BACKGROUND
A. The Indictment
On October 3, 2002, a federal grand jury returned a four count Superseding Indictment against defendant Powell and co-defendant Leon Henry ("Henry"). Defendant Powell was charged as follows: Count 1, conspiring to distribute and possess with intent to distribute cocaine and more than 50 grams of cocaine base (also known as crack cocaine or crack) from January 2001 through April 9, 2002, in violation of 21 U.S.C. § 841(b)(1)(A) ; Count 2, knowingly and intentionally distributing cocaine and more than 50 grams of cocaine base on August 21, 2001, in violation of 21 U.S.C. § 841(b)(1)(A) ; Count 3, aiding and abetting the distribution and possession with intent to distribute more than 5 grams of *136 cocaine base on April 8, 2002, in violation of 21 U.S.C. § 841(b)(1)(B) ; and Count 4, aiding and abetting the distribution and possession with intent to distribute more than 5 grams of cocaine base on April 9, 2002, in violation of 21 U.S.C. § 841(b)(1)(B).
B. The Trial
On November 15, 2002, after a six day jury trial, defendant Powell was found guilty of Counts 1, 3 and 4 of the four count Superseding Indictment. He was found not guilty on Count 2.
On Count 1 charging conspiracy to possess and distribute cocaine base, the jury found defendant Powell was responsible for 50 or more grams of cocaine base. On Counts 3 and 4 charging aiding and abetting the distribution of cocaine base, the jury found he was responsible for 5 or more but less than 50 grams of cocaine base on each count.
C. The Sentencing
On January 16, 2004, defendant Powell was sentenced on Counts 1, 3, and 4, to a 240 month (20 year) term of imprisonment on each count of conviction, to run concurrently, followed by a 10 year term of supervised release. Previously, co-defendant Henry was sentenced to the same 240 month (20 year) term of imprisonment.
In advance of sentencing Powell, the circumstances of his two prior New York State felony drug convictions-on January 30, 1991 in New York County Court and May 22, 1991 in Oneida County Court-were questioned, including whether the offenses should be treated as two separate prior convictions for sentencing purposes.
In imposing defendant Powell's 20 year sentence, the following factors were considered: the close temporal proximity of the prior offenses and the ancient proximity with the then-instant federal offense (12 years); that the prior offenses involved the possession of the same substance; that the prior sentences were ordered to run concurrently as part of an agreement; and the defendant was just 16 and 17 years old, respectively, at the time of the prior offenses. Further, defendant Powell's educational records were reviewed which revealed that at the age of 7, and continuing until the age of 16, he received psychological and psychiatric counseling in both the school and community. He was diagnosed with multiple mental health conditions and testing revealed a below average IQ. It was questioned why these diagnoses were not considered in the imposition of the prior state sentences.
In addition, consideration was also given to Section 4A1.3 of the Sentencing Guidelines. It was noted that the past criminal history over represented the seriousness of defendant Powell's past criminal conduct, as well as his overall role in the instant offense. Based on these extraordinary and unique circumstances, the two prior state drug trafficking offenses were treated as a single conviction, and the statutorily required minimum sentence of 20 years was imposed.
D. The Appeals
Defendant Powell appealed his conviction. On appeal, he principally challenged the legal sufficiency of the evidence with respect to Count 1, the conspiracy conviction. The Government cross-appealed defendant Powell's sentence. On April 13, 2005, the United States Court of Appeals for the Second Circuit issued two separate decisions deciding the pending appeals.
With respect to defendant Powell's appeal, the Second Circuit affirmed his conviction in a summary order. ECF No. 145.
With respect to the Government's cross-appeal, the Second Circuit vacated the *137 judgment and remanded the case for re-sentencing in accordance with its written opinion. United States v. Powell, 404 F.3d 678 (2d Cir. 2005). The Second Circuit found defendant's prior two drug offenses were not part of a single criminal episode and thus must be treated as two separate offenses for sentencing purposes. They found that "[a] defendant who is convicted of a drug offense involving fifty or more grams of crack cocaine and who has two or more prior felony drug convictions is subject to a mandatory minimum sentence of life imprisonment." Id. at 679.
In remanding, the Second Circuit acknowledged the particular facts of this case and noted: "We understand the district court's obvious reluctance to impose a life sentence on a defendant whose prior felony drug convictions were committed years earlier, when the defendant was a minor. We are sympathetic, as well, towards Powell's 'borderline to low average intelligence' and his history of behavioral problems." Id. at 683. Nevertheless, the panel instructed that it is "Congress' prerogative to set mandatory minimums ... and in this case the mandatory minimum is life imprisonment." Id.
E. The Re-sentencing
On January 12, 2006, 13 years ago, the undersigned was forced to re-sentence defendant Powell. In accordance with the Second Circuit's directive, defendant Powell was reluctantly re-sentenced on Count 1, to a term of life imprisonment, and on Counts 3 and 4, each to a term of 360 months (30 years), to run concurrently with the sentence on Count 1 and with each other. A life term of supervised release was also imposed on each count, in the event of release.
The prospect of imposing a life sentence on a 32 year old young man remains as lamentable now as it was then. At the re-sentencing, on that day over 13 years ago, the words spoken echoed the reluctance and disappointment felt by so many: "I am unhappy because this harsh sentence is a black mark on our system of justice. Punishment should be fair and just. Punishment should be consistent, rational, and in proportion to the crime and to the punishment for other crimes." Sentencing Tr., ECF No. 206, 5:4-9.
It was explained: "[I]t was clear that you were a street drug dealer in crack cocaine, working under the direction and control of your boss, Leon Henry. In the words of the prosecutor at trial, you were a 'worker bee' for Mr. Henry. Your boss, Mr. Henry, because he only had one prior felony drug conviction, received a twenty year sentence ...." Id. at 5:22-6:5. Further, a mandatory life sentence for defendant Powell's low level street dealing was "not consistent, rational, or in proportion to the crime," id. at. 7:11-13, especially when compared with the sentences for individuals convicted of "murder, torture, arson, rape, child abuse, manslaughter, and embezzlement," id. at 9:16-17.
Before imposing the life sentence without the possibility of release, it was concluded:
This failure rests with all of us as part of this system of justice ... commanding that a relatively small-time drug dealer like you, with an IQ of 72, with two teenage drug convictions over ten years ago, and no arrests from 1995 to 2002, at the age of thirty-two, must spend the rest of his life in prison. This is what occurs when Congress sets [a] mandatory minimum sentence which distorts the entire judicial process. As a result, I am obligated to and will now impose this unfair and, more importantly, unjust sentence.
Id. at 10:2-15.
III. DISCUSSION
Thirteen years later, we are here again. Just as the Second Circuit reminded us *138 then of Congress' prerogative to set mandatory minimums, it was recently Congress' prerogative to again issue legislation reducing crack cocaine defendants' sentences. In other words, to right a wrong. Perhaps someday Congress will do the right thing and eliminate all mandatory minimum sentences.
A. The Fair Sentencing Act of 2010 and the First Step Act of 2018
On December 21, 2018, Congress enacted and the President signed into law the First Step Act of 2018, which effectively authorizes a district court to give retroactive effect to the statutory penalty provisions of the Fair Sentencing Act of 2010, Public Law 111-220, and thereby reduce a crack cocaine defendant's sentence.
The Fair Sentencing Act of 2010 increased the quantities necessary to trigger application of the statutory ranges for crack cocaine offenses. Relevant here, section 2 of the Fair Sentencing Act of 2010 amended 21 U.S.C. § 841(b)(1)(A) by replacing the "5 grams or more cocaine base" threshold for triggering the enhanced penalties in that subsection with "28 grams or more" and replacing the "50 grams or more cocaine base" threshold with "280 grams or more."
Application of section 2 of the Fair Sentencing Act of 2010 would have reduced defendant Powell's statutory sentence on Count 1 from life, to a range of 10 years to life. It also would have reduced his statutory sentences on Counts 3 and 4 from a range of 10 years to life, to a range of zero to 30 years. However, the Fair Sentencing Act of 2010 only applied to defendants sentenced after August 3, 2010, and thus defendant Powell could not benefit from the reduced penalties.
Today, with the passage of the First Step Act of 2018, he can do exactly that. This Court now has the authority to reduce this man's sentence to remove the unfair and unjust life sentence that was required to be imposed in 2006.
Section 404 of the First Step Act of 2018 permits application of the provisions of section 2 of the Fair Sentencing Act of 2010. Contrary to the Government's position, defendant Powell is in fact eligible for a reduced sentence under the new legislation for two reasons. First, his drug offenses are "covered offenses," in that section 2 of the Fair Sentencing Act of 2010 modified the statutory penalties under 21 U.S.C. § 841(b) for violations of § 841(a) and § 846 that involved crack cocaine, which were defendant Powell's violations, and he committed those violations and was sentenced before August 3, 2010. Second, defendant Powell was sentenced for those covered offenses and he now moves for a reduced sentence for the first time.
B. Defendant's motion
After considering all of the arguments of counsel both in submission format and at oral argument today, it is proper to grant defendant Powell's motion pursuant to section 404 of the First Step Act of 2018. By granting the motion, defendant Powell's life sentence will be reduced. Defendant Powell can now be re-sentenced for his crack cocaine offenses as if the Fair Sentencing Act of 2010 were in effect at the time he was re-sentenced in 2006.
1. Count 1
On Count 1 charging conspiracy to possess and distribute cocaine base, the jury found defendant Powell responsible for 50 or more grams of cocaine base. ECF No. 57. Accordingly, defendant Powell's responsibility for distributing between 50 and 150 grams of cocaine base, along with his prior drug conviction, reduces his pre-Fair Sentencing Act of 2010 statutory penalty *139 from a mandatory life sentence, to a post-Fair Sentencing Act of 2010 range of 10 years to life under 21 U.S.C. § 841(b)(1)(B)(iii). Therefore, under the First Step Act of 2018, defendant Powell is subject to a range of 10 years to life on Count 1.
The Government contends defendant Powell is ineligible for a reduction and still subject to a mandatory life sentence because he was somehow responsible for 280 or more grams of cocaine base. This argument is based on the Second Circuit's decision noting that there was evidence defendant Powell was responsible for somewhere between 1000 and almost 7000 grams of cocaine base. Powell, 404 F.3d at 681.
The Government argues defendant Powell's role in the conspiracy made him responsible for more than 280 grams of cocaine base despite the jury's findings on the quantities of cocaine base, see ECF No. 57. This is the Government's position, even though the Northern District of New York's Probation Office concluded in the presentence report that defendant Powell was responsible for between 50 and 150 grams of cocaine base. The Government did not object to that factual information and it was adopted without change at both the original sentencing and the re-sentencing on remand. Moreover, the Second Circuit did not find or conclude defendant Powell's offense involved 280 or more grams, rather that there was evidence to support such a conclusion . Powell, 404 F.3d at 681 ("In total, there was evidence that Powell was responsible for between 1,086.43 and 6,756.43 grams of crack.") (emphasis added).
In sum, no fact finder has made a finding that defendant Powell's offense involved 280 grams or more of cocaine base. The Government's argument on this basis is without merit. The drug type and quantity used to set the statutory range under the First Step Act of 2018 is the quantity charged in the indictment and found by a jury beyond a reasonable doubt. Defendant Powell's offense was found, by a jury, to have involved 50 or more grams of cocaine base. At sentencing, his offense was found to have involved no more than 150 grams of cocaine base.
Therefore, defendant Powell meets the First Step Act of 2018's requirements for a sentence reduction and is subject to a range of 10 years to life on Count 1.
2. Counts 3 and 4
On Counts 3 and 4, charging aiding and abetting the distribution of cocaine base, the jury found defendant Powell responsible for 5 or more but less than 50 grams of cocaine base on each count. Defendant Powell's responsibility for aiding and abetting the distribution of 5 or more but less than 50 grams of cocaine base, along with his prior drug convictions, reduces his pre-Fair Sentencing Act of 2010 penalty from a mandatory minimum of 10 years to life, to a post-Fair Sentencing Act of 2010 range of zero to 30 years under 21 U.S.C. § 841(b)(1)(B)(iii). Therefore, under the First Step Act of 2018, defendant Powell is subject to a range of zero to 30 years on each of Counts 3 and 4.
The Government has since withdrawn its argument that defendant Powell is not eligible for the imposition of a reduced sentence on Counts 3 and 4 because his current 30 year sentence falls within the now applicable Fair Sentencing Act of 2010's statutory range of zero to 30 years. Of course, the First Step Act of 2018 sets no such prohibition. As previously explained, defendant Powell meets the First Step Act of 2018's criteria for a reduction on Counts 3 and 4.
*140 Therefore, defendant Powell is subject to a range of zero to 30 years on each of Counts 3 and 4.
IV. RE-SENTENCING
A. Considerations
Before imposing defendant Powell's reduced sentence, the following considerations were taken into account. Defendant Powell has been detained since his arrest on April 9, 2002, approaching 17 years, more precisely 203 months and 6 days as of today, March 14, 2019. Although he has had some disciplinary history during his term of imprisonment, his record is not extraordinary compared to other inmates who have served such a significant period of imprisonment. Records also indicate he has participated in and completed several educational courses while in custody, including drug education. He also obtained his GED in 2008. Further, defendant Powell is now nearly 46 years old, and due to his age, is statistically at a lower risk for recidivism.
This matter included a full and exhaustive review and consideration of all pertinent information, including all applicable statutes and the Sentencing Guidelines. The First Step Act of 2018 permits district courts to reduce sentences that are unfair and unjust. In this case, the sentence of life imprisonment was exactly that, both unfair and unjust.
As in every case, the goals of sentencing outlined in 18 U.S.C. § 3553(a) have been reviewed, including the need for the sentence to: reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and to avoid unwarranted disparities between other defendants. The sentence imposed today is much more than sufficient to meet the goals of sentencing.
B. Re-sentencing
Following that address, defendant Powell was re-sentenced. Upon his having been found guilty by jury trial on Counts 1, 3 and 4 of the Superseding Indictment, defendant Powell was re-sentenced for a period of 203 months and 6 days, on each count, to run concurrently. This is a sentence of time served. A term of supervised release was imposed for five years on each count, to run concurrently. Defendant Powell was advised of the conditions of supervised release and both parties were advised of their right to appeal the reduced sentence.
Defendant Powell was then remanded to the United States Marshals Service who was instructed to prepare him for his immediate release from custody.
V. CONCLUSION
Accordingly, defendant Powell's motion for a reduction in his sentence pursuant to the First Step Act of 2018 is granted and his sentence reduced.
Therefore, it is
ORDERED that
1. Defendant Justin D. Powell's motion for a reduction in his sentence pursuant to the First Step Act of 2018 is GRANTED;
2. Defendant Justin D. Powell's life sentence on Count 1 is REDUCED to TIME SERVED, which as of today's date, March 14, 2019, equates to 203 months and 6 days;
3. Defendant Justin D. Powell's 360 month sentence on Count 3 is REDUCED to TIME SERVED, which as of today's date, March 14, 2019, equates to 203 months and 6 days;
*141 4. Defendant Justin D. Powell's 360 month sentence on Count 4 is REDUCED to TIME SERVED, which as of today's date, March 14, 2019, equates to 203 months and 6 days;
5. The above sentences are to run CONCURRENTLY; and
6. The United States Marshals Service shall prepare defendant Justin D. Powell for his immediate release from custody.
The Clerk is directed to file an amended judgment accordingly and close the file.
IT IS SO ORDERED.