**UNITED STATES of America,**
**Appellee,**

v.

**Daniel HERREDIA, also known as "D-Nice," Makene Jacobs, also known as "Madee," Defendants–Appellants.**

**No. 02–1544–CR, 02–1594–CR.**

United States Court of Appeals,
Second Circuit.

Nov. 2, 2005.

Earle Giovanniello (Jason P. Gladstone, Westport, CT, on the brief), New Haven, CT, for Appellant Herredia.

Jose M. Rojas, Shipman & Goodwin, LLP, Hartford, CT, for Appellant Jacobs.

Alex Hernandez, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, Alina Reynolds, Assistant United States Attorney, on the brief, Sandra S. Glover, Assistant United States Attorney), Bridgeport, CT, for Appellee, of counsel.

Present: WINTER, SOTOMAYOR, and WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendants-appellants Makene Jacobs and Daniel Herredia appeal from judgments sentencing each of them to mandatory life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) for conspiring to possess with intent to distribute 1000 grams of heroin because each had at least two prior felony drug convictions. We assume the parties' familiarity with the facts

in this case, the relevant procedural history, and the issues on appeal. In a concurrently filed opinion, we address and reject the appellants' claim that prior felony convictions triggering mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A) must be charged in the indictment and proven to a jury beyond a reasonable doubt.

## I. Jacobs' Claims

### 1. *Ineffectiveness of Counsel*

■ We previously remanded this case to the district court for a determination on whether Jacobs' trial counsel was ineffective for failing to file a motion to suppress and failing to investigate the circumstances surrounding the seizure of $2,407 at the time of Jacobs' arrest. The district court credited the attorney's testimony that he decided not to make the suppression motion after a purported witness to the seizure told him that she would deliver to the United States Attorney's Office a letter from Jacobs requesting fraudulent testimony if the attorney asked her or her mother to testify on Jacobs' behalf. The district court's factual findings and credibility determination are not clearly erroneous. *See United States v. Monzon,* 359 F.3d 110, 119 (2d Cir.2004) (giving particularly strong deference to the district court's credibility determinations). Moreover, on the basis of those facts, the district court's conclusion that Jacobs had not shown that the suppression motion would have been meritorious and that there was a reasonable probability that the verdict would have been different was not error. *See United States v. Matos,* 905 F.2d 30, 32 (2d Cir.1990).

■ The district court similarly did not err in concluding that Jacobs' attorney decided not to make a motion to suppress after having reasonably investigated the issue. Although observing the absence of relevant entries in the attorney's CJA records, the district court nonetheless credited the attorney's testimony, as noted above, that he spoke with a purported witness who threatened to supply the prosecution with incriminating evidence if she or her mother were called upon to testify. This credibility determination amply supported the district court's conclusion that the attorney made reasonable investigations and likewise acted reasonably in deciding not to interview the witness's mother.

■ Jacobs also argues that his attorney was ineffective by failing to object to, or seek to limit, the admission of a video that showed him selling drugs in a housing project controlled by the Estrada organization to a woman accompanied by two children. Although Jacobs did not raise the issue before the district court, and we are mindful that ineffective assistance claims are often best addressed via collateral attack, *see Massaro v. United States,* 538 U.S. 500, 508–09, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), we find this to be a case in which we may justifiably resolve an issue not passed on below. *See United States v. Aulet,* 618 F.2d 182, 186 (2d Cir.1980) (finding it appropriate to address an issue not presented to the district court where " 'the proper resolution is beyond any doubt' " or to do so would be in the interest of justice) (quoting *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)). While we doubt that counsel's performance fell below an objective standard of reasonableness, it is clear that Jacobs cannot establish prejudice. The video was highly probative of Jacobs' involvement in the Estrada conspiracy, and thus prejudicial to him, but not unfairly so. *See Costantino v. Herzog,* 203 F.3d 164, 174–75 (2d Cir.2000) (holding that in order to justify exclusion under Fed. R.Evid. 403, the prejudice must be unfair,

involving an adverse effect beyond tending to prove a fact or issue that justifies admission). Moreover, even without the portion of the video to which Jacobs now objects, the evidence against him, including the testimony of cooperating witnesses and law enforcement officers, was substantial. Thus, Jacobs cannot establish prejudice.

### 2. *Fair Trial*

■ As a preliminary matter, Jacobs waived his request for a new trial by failing to move under Fed.R.Crim.P. 33 within the specified time period. *See United States v. Canova*, 412 F.3d 331, 344–45 (2d Cir.2005) (declining to rule on whether Rule 33 is jurisdictional in nature but finding its time limits to be "rigid"). Jacobs' claims would fail even if we were to reach the merits of his arguments.

■ Jacobs' argument that a government witness proffered perjured testimony is without merit because there is no evidence, other than his own testimony, that the witness committed perjury, and Jacobs provided his account of the arrest and seizure at trial.[1] *See United States v. McCarthy*, 271 F.3d 387, 399–400 (2d Cir. 2001) (stating test for new trial based on perjured testimony to be, *inter alia*, whether the witness actually committed perjury and whether the perjury remained undisclosed during trial, and finding that, once aware of conflicting testimony, a jury is entitled to decide the credibility issues).

■ Jacobs identifies twenty-two instances in which the prosecutor used a variant of the pronoun "I" in the summation and claims that this use constituted prosecutorial misconduct. While we have cautioned against excessive use of the personal pronoun, particularly insofar as it makes an issue of the prosecutor's credibility or implies the existence of extraneous proof, we have found acceptable a prosecutor's use of the phrases "I submit that" and "I think" when asking a jury to draw inferences based on common sense. *United States v. Eltayib*, 88 F.3d 157, 173 (2d Cir.1996); *United States v. Jaswal*, 47 F.3d 539, 544 (2d Cir.1995). Here, in each of the instances Jacobs identifies, the prosecutor was properly discussing the evidence and was not referring to his personal beliefs or to any additional information he might have had.

We reject Jacobs' claim that the prosecutor relied in his summation on an expert who did not testify. The statements at issue appealed only to the jury's common sense. Moreover, in light of Jacobs' testimony on direct examination, we find no misconduct in the prosecutor's cross-examination of Jacobs as to whether he knew one of the arresting officers who did not testify at trial.

■ The district court cured any prejudice resulting from the prosecutor's elicitation of hearsay testimony from Officer Bailey when it promptly sustained the defense counsel's objection and struck the testimony from the record. *See United States v. Burns*, 104 F.3d 529, 538 (2d Cir.1997) (finding prejudice from prosecutor's cross-examination to be cured when the district court promptly sustained the objection).

■ The prosecutor's statements during summation challenged by Jacobs on appeal were the kind of rhetorical devices or colorful language a prosecutor is permitted to use on summation. *See Jaswal*, 47 F.3d at

---

1. We note that the district court, following a hearing on Jacobs' ineffective assistance claim, credited the testimony of Officer Pierce and found that the two witnesses who Jacobs claims could support his testimony would have been unable to corroborate his story as neither was present at the time of the arrest.

544. To the extent the prosecutor implied that the judge knew or thought that Jacobs was guilty, it was improper. *See United States v. Melendez,* 57 F.3d 238, 240–41 (2d Cir.1995). The remark, however, was an aberration in an otherwise fair proceeding, and we do not find that it rose to the level of prejudicial error. *See id.* at 241 (holding that inappropriate prosecutorial remarks must be examined within the context of the entire trial).

### 3. *Sentencing*

Jacobs argues that the district court erred by sentencing him to mandatory life imprisonment under 21 U.S.C. § 841(b)(1)(A), claiming that his felony convictions were not "prior" and that the statute is unconstitutionally vague. Jacobs acknowledges that his first argument is foreclosed by *United States v. Martino,* 294 F.3d 346 (2d Cir.2002), given that he continued to engage in criminal activity after the prior convictions became final. *Id.* at 350–51.

We review Jacobs' vagueness argument for plain error because he did not raise this challenge below. At sentencing, the district court made factual findings that two of the four drug felonies included in the felony information filed by the United States Attorney's Office, his 1995 and 1997 convictions, were independent of the Estrada conspiracy charged in the indictment. In light of the district court's findings, which are not clearly erroneous, the statute as applied to Jacobs cannot be characterized as vague, and we find no plain error. *See United States v. Venturella,* 391 F.3d 120, 134 (2d Cir.2004).

## II. Herredia's Claims

### 1. *Severance*

Where the district court instructed the jury to consider the evidence against each defendant separately and the jury rendered a discriminating verdict, the district court's denial of Herredia's motion to sever his trial from that of Jacobs because of the admission of the video showing Jacobs selling drugs to a woman with children did not constitute an abuse of discretion. *See United States v. Casamento,* 887 F.2d 1141, 1153–54 (2d Cir.1989).

### 2. *Investigator's Testimony*

The district court also did not abuse its discretion in excluding the testimony of Herredia's investigator who would have testified that an interviewee was afraid of Jose Reyes but not of Herredia, with whose brother she had a child. The probative value of this testimony was marginal at best and the testimony had little, if any, bearing on whether Herredia was involved in the conspiracy.

### 3. *Statutory Minimum*

Herredia challenges the use of his 1988 felony conviction for street-level sales as a prior conviction, but his challenge, even if meritorious, does not alter the application of the mandatory lifetime minimum sentence in light of his other prior convictions. Moreover, the district court did not err in concluding that it lacked authority to depart below the mandatory minimum pursuant to U.S.S.G. § 5K2.0. *See United States v. Medley,* 313 F.3d 745, 749 (2d Cir.2002) (holding that district courts may depart below a mandatory minimum sentence only where the government files a motion based on substantial assistance pursuant to 18 U.S.C. § 3553(e) or the defendant meets the "safety valve" requirements set forth at § 3553(f)).

For the foregoing reasons, the judgments of conviction and sentence of the district court are AFFIRMED.