UNITED STATES of America,
Appellee,

v.

Felipe SANTANA, Defendant–
Appellant,

New Haven Police Department, Chase
Manhattan Bank, Bridgeport Police
Department, William Bailey, Ernie
Garcia, USCA, Interested Parties.

No. 07–1662–cr.

United States Court of Appeals,
Second Circuit.

March 19, 2009.

Robert L. Moore, West Hempstead, NY, for Appellant.

Alina P. Reynolds, (Nora R. Dannehy, Acting United States Attorney for the District of Connecticut, William J. Nardini, Assistant United States Attorney, of counsel), Bridgeport, CT, for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. ROBERT D. SACK, Circuit Judges, and Hon. BRIAN M. COGAN,* District Judge.

## SUMMARY ORDER

By special jury verdict of November 30, 2001, after a trial in the United States District Court for the District of Connecticut, defendant Felipe Santana was convicted of conspiracy to possess 100 grams or more of heroin with the intent to distribute it. Santana was sentenced to 180 months'

* The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

imprisonment and eight years' supervised release.

By the same verdict, the jury convicted Makene Jacobs and Daniel Herredia of conspiracy to possess 1,000 grams or more of heroin with the intent to distribute it. Jacobs and Herredia were sentenced to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). By summary order of November 2, 2005, this Circuit affirmed the convictions and sentences of Jacobs and Herredia. *See United States v. Herredia,* 153 Fed.Appx. 50 (2d Cir.2005). We assume the parties' and counsel's familiarity with the facts and procedural history of this case, and the issues presented on this appeal.

■ Santana raises three claims on appeal, all without merit. First, Santana claims that the district court erred in denying his counsel's mid-trial severance motion. Herredia had joined Santana's severance motion, however, and we have already concluded that the district court did not err in denying it. *See Herredia,* 153 Fed.Appx. at 55. Santana provides no persuasive reason why we should depart from our prior conclusion that the district court did not abuse its discretion in denying the severance motion in light of the fact that "the district court instructed the jury to consider the evidence against each defendant separately and the jury rendered a discriminating verdict." *Id.*

■ Second, Santana claims that his counsel was constitutionally ineffective because that counsel failed to move pre-trial to sever Santana's case from Jacobs's. Under these circumstances, we are able to "decide the claim on the record before us." *United States v. Leone,* 215 F.3d 253, 256 (2d Cir.2000). As a general rule, there is a preference in federal court for joint trials of those who are indicted together. *See Zafiro v. United States,* 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993);

*United States v. Blount,* 291 F.3d 201, 208–09 (2d Cir.2002), *cert. denied,* 537 U.S. 1141, 123 S.Ct. 938, 154 L.Ed.2d 838 (2003). Based on the reasoning of the district court's ruling denying the severance motion—that the jury would be able to evaluate the evidence individually as to each defendant, not that the motion was tardy or untimely—Santana cannot demonstrate that the district court's ruling would have been otherwise had the motion been made pre-trial. Thus, even assuming that Santana's trial counsel's conduct was improper, Santana nonetheless is unable to "affirmatively prove prejudice arising from counsel's allegedly deficient representation." *Carrion v. Smith,* 549 F.3d 583, 588 (2d Cir.2008) (internal quotation marks omitted).

Last, Santana claims that by his purported cooperation with the authorities he withdrew from the conspiracy. But based on the record established at trial, a rational trier of fact could have found otherwise. And even if Santana withdrew from the conspiracy, his claims are nonetheless foreclosed. *See United States v. Dallas,* 229 F.3d 105, 110–11 (2d Cir.2000).

> Abandoning the intent to continue with the conspiracy does not unring the bell; as long as the elements of the conspiracy offense have been established, the prior intent renders [the defendant] liable for conviction for conspiracy under criminal law and liable for punishment under the Guidelines for the amount of narcotics that he agreed and, at one time, intended to sell.

*Id.*

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.