10-3078-cr
United States v. DeJohn

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT: BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
         RAYMOND J. LOHIER, JR.,
              *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee*,

  -v.-        10-3078-cr

ALEXANDER CAMMACHO, AKA ALEXANDER ELLIOT, AKA ALEX CAMMACHO, ERIC ALPETER, JASON ALPETER, RODERICK LONGO, CHRISTOPHER SMITH, BRIAN A. MERRIFIELD, JUSTIN BENEVENTO, RICHARD WARREN, JAMIE PHILLIPS, JOSHUA YOUNG, JOHN BERARDI, FRANK LETIZIA, CHRISTOPHER RAWLINS, MICHAEL HIRSCH,

    *Defendants*,

ANTHONY DEJOHN,

    *Defendant-Appellant.*

---

FOR APPELLANT:        STANLEY L. COHEN, Stanley Cohen &
                      Associates, LLC, New York, NY.

FOR APPELLEE:         PAUL D. SILVER, Assistant United States
                      Attorney (Lisa M. Fletcher, Carl G.
                      Eurenius, Assistant United States
                      Attorneys, *on the brief*), *for* Richard S.
                      Hartunian, United States Attorney for the
                      Northern District of New York, Albany,
                      NY.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Anthony DeJohn ("Appellant") appeals from a judgment in the United States District Court for the Northern District of New York (Mordue, *J.*), convicting him, after a jury trial, of conspiracy to distribute and to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846 and possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We find no error in the district court's dismissal of Appellant's motion for a new trial.  At that time, Federal Rule of Criminal Procedure 33(b)(2) provided a seven-day

2

filing period for "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence."[1] *See United States v. Mayo*, 14 F.3d 128, 132 (2d Cir. 1994). Appellant's Rule 33 motion was untimely, and he did not allege "excusable neglect" for his failure to meet the filing deadline. *See United States v. Robinson*, 430 F.3d 537, 541 (2d Cir. 2005); Fed. R. Crim. P. 45(b)).

Appellant asserts that his motion for a new trial was based on "newly discovered evidence" and thus the two-year filing period under Rule 33(b)(1) applied.[2] Appellant's motion and subsequent request to reopen the district court's hearing on the motion were grounded in a claim of ineffective assistance of trial counsel. "[I]neffective assistance claims do not present new evidence within the meaning of Rule 33." *United States v. Castillo*, 14 F.3d 802, 805 (2d Cir. 1994). "The longer period provided by the Rule for a motion based on newly discovered evidence . . . applies only to motions that address the issues **raised by the criminal charges**, not to motions that raise collateral

---

[1] A 2009 amendment to Rule 33(b)(2) extended this filing period to fourteen days.

[2] A 2008 amendment to Rule 33(b)(1) extended this two-year filing period to three years.

issues such as the effectiveness of trial counsel." *Mayo*, 14 F.3d at 132 (emphasis added). The district court did not err in declining to reach the merits of Appellant's motion.

We also decline to address Appellant's ineffective assistance claim on direct review. Where "the record on appeal does not include the facts necessary to adjudicate a claim of ineffective assistance of counsel, our usual practice is not to consider the claim on the direct appeal, but to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255." *United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006). Should Appellant choose to further pursue his ineffective assistance claim, habeas proceedings will provide "the forum best suited to developing the facts necessary to determining the adequacy of representation." *See Massaro v. United States*, 538 U.S. 500, 505 (2003).

Finally, the district court correctly determined that Appellant must serve a term of life without release. The district court properly found that Appellant's conviction requires a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) because Appellant had committed two prior felony drug offenses that were not part of a "single

criminal episode."  *See United States v. Powell*, 404 F.3d 678, 682 (2005).

    For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk