19-2520-cr
United States v. Mostafa

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand twenty-one.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT D. SACK,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                         19-2520

MOSTAFA KAMEL MOSTAFA,

*Defendant-Appellant.*<sup>*</sup>

---

| | |
|---|---|
| FOR APPELLEE: | Ian McGinley, Karl Metzner, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY (*on submission*). |
| FOR DEFENDANT-APPELLANT: | Michael K. Bachrach, Law Office of Michael K. Bachrach, New York, NY (*on submission*). |

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from the denial of a motion for a new trial and a motion for reconsideration of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

On May 19, 2014, a jury convicted Defendant-Appellant Mostafa Kamel Mostafa[1] on eleven terrorism-related counts. Those counts included taking and conspiring to take hostages, 18 U.S.C. § 1203 (Counts One and Two); providing material support and resources to terrorists and conspiring to do the same, *id.* §§ 371, 2339A (Counts Three, Four, Seven, and Eight); providing material support and resources to a foreign terrorist organization and conspiring to do the same, *id.* § 2339B(a)(1) (Counts Five, Six, Nine, and Ten); and conspiring to supply goods and services to the Taliban in violation of the International Emergency Economic Powers Act ("IEEPA"), 18 U.S.C. § 371, 50 U.S.C. § 1705, 31 C.F.R. §§ 545.204, 545.206(b) (Count Eleven).

A jury convicted Mostafa on all eleven counts; the district court sentenced him to life imprisonment; and he appealed. We reversed Mostafa's conviction on Counts Seven and Eight for insufficient evidence due to the more limited scope of the material-support prohibitions before their amendment in October 2001. *United States v. Mustafa*, 753 F. App'x 22, 29–32 (2d Cir. 2018). We rejected Mostafa's remaining arguments and affirmed his conviction on all other counts. *Id.* at 27–29, 32–37. Mostafa, proceeding *pro se*, then filed a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. He now appeals the district court's denial of that motion and his subsequently filed motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

---

[1] Appellant has notified the Court that the correct legal spelling of his name is "Mostafa Kamel Mostafa," as reflected in the district court's amended judgment.

We review the denial of a Rule 33 motion for abuse of discretion. *See United States v. James*, 712 F.3d 79, 107 (2d Cir. 2013). The same standard of review applies to the district court's determination on whether to conduct a hearing on the motion. *See United States v. DiTomasso*, 932 F.3d 58, 70 (2d Cir. 2019). When considering a motion under Rule 33, a district court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). This discretion should be exercised "sparingly and in the most extraordinary circumstances, and only in order to avert a perceived miscarriage of justice." *United States v. Gramins*, 939 F.3d 429, 444 (2d Cir. 2019) (internal quotation marks and citations omitted). "[T]he 'ultimate test' for granting a new trial pursuant to [Rule 33] is 'whether letting a guilty verdict stand would be a *manifest injustice*.'" *Id.* (quoting *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001)).

A defendant generally must file a Rule 33 motion "within 14 days after the verdict." Fed. R. Crim. P. 33(b)(2). But if a defendant seeks a new trial based on newly discovered evidence, the motion "must be filed within 3 years after the verdict." Fed. R. Crim. P. 33(b)(1). A court may grant a new trial based on newly discovered evidence "only upon a showing that (1) the evidence was newly discovered after trial; (2) facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal." *United States v. Forbes*, 790 F.3d 403, 406–07 (2d Cir. 2015) (internal quotation marks and brackets omitted).

In his opening brief, Mostafa asserts that he was denied the right to effective assistance of counsel because his attorney waived Mostafa's appearance for portions of the trial. Mostafa also urges the Court to construe his Rule 33 motion to the district court liberally so as to encompass this ineffective-assistance claim. Mostafa seeks remand for a factual hearing because the district

court never considered the claim. We reject this argument and decline to remand.

As an initial matter, the district court did not err in limiting the grounds for Mostafa's motion for retrial to newly discovered evidence. We review a district court's decision on whether to deem a Rule 33 motion timely for abuse of discretion. *See United States v. Malachowski*, 623 F. App'x 555, 557 (2d Cir. 2015). On April 13, 2017, the district court granted Mostafa an 18-month extension to file his Rule 33 motion. But the order extended *only* the 3-year deadline to file a motion for a new trial based on newly discovered evidence. The district court clearly noted that the deadline it was extending was "set to expire on May 19, 2017," a date exactly 3 years from Mostafa's May 19, 2014 conviction. Order, *United States v. Mustafa*, No. 04-cr-356 (S.D.N.Y. Apr. 13, 2017), ECF No. 532. The court later used the same language to extend this deadline for five more months. The court did not extend the 14-day deadline for Rule 33 motions based on other grounds, so Mostafa's deadline for any such motions had thus long expired by the time he filed the motion at issue here.

In his *pro se* brief with this Court,[2] Mostafa argues that conditions of his confinement and the logistics concerning replacement of his trial counsel made it impossible to comply with the 14-day deadline. But an extension of the Rule 33 deadline requires the movant to prove "excusable neglect." Fed. R. Crim. P. 45(b)(1)(B); *United States v. Brown*, 623 F.3d 104, 113 n.5 (2d Cir. 2010). Even if Mostafa was unable to file his motion within 14 days of conviction, he provides no explanation for the nearly four-year delay in raising grounds other than newly discovered evidence in support of his Rule 33 motion. The district court did not abuse its discretion in limiting Mostafa's arguments to those based on newly discovered evidence.

---

[2] Mostafa filed his opening brief with the assistance of pro bono counsel, but he also submitted a *pro se* reply brief. We consider the issues raised in both submissions.

4

Moreover, Mostafa's ineffective assistance claims do not present new evidence within the meaning of Rule 33. *See United States v. Castillo*, 14 F.3d 802, 805 (2d Cir. 1994). Mostafa bases his claims on trial transcripts, but he is unable to explain why these transcripts should be considered "newly discovered." He has made no showing that he was unaware that limited proceedings were conducted in his absence. The district court thus properly declined to consider this claim under Rule 33. Further, Mostafa has already filed a 42 U.S.C. § 2255 motion with the district court stating that the motion "is intended as a placeholder until such time as more thorough briefing can be completed." Def. Letter at 2, *United States v. Mustafa*, No. 04-cr-356 (S.D.N.Y. Oct. 5, 2020), ECF No. 572. The court stayed briefing on that motion pending resolution of this appeal. Thus, "[s]hould [Mostafa] choose to further pursue his ineffective assistance claim, habeas proceedings will provide 'the forum best suited to developing the facts necessary to determining the adequacy of representation.'" *United States v. Cammacho*, 462 F. App'x 81, 83 (2d Cir. 2012) (quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)).

We have also reviewed and liberally construed the arguments raised by Mostafa in his *pro se* supplemental brief. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006); *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (explaining that *pro se* litigants must still abide by Federal Rule of Appellate Procedure 28(a), that "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal"). To begin, Mostafa has not demonstrated that his asserted grounds for retrial are based on newly discovered evidence. Even assuming that they were, they would not demonstrate "exceptional circumstances" such that the district court abused its discretion in refusing to "intrude upon the jury function" by ordering a new trial. *United States v. McCourty*, 562 F.3d 458, 475–76 (2d Cir. 2009) (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)). For the most part, Mostafa rehashes arguments

we rejected in his prior appeal. Mostafa also argues that his trial counsel was ineffective by failing to provide him with exculpatory discovery. Even if we were to assume that Mostafa was not aware of this supposed failure during trial, Mostafa does not assert any facts showing that he made any effort to obtain this discovery earlier; his claim therefore cannot be the basis for a Rule 33 motion. Lastly, to the extent that Mostafa now contends that there was insufficient evidence for the jury to convict on Counts One and Two, we reject that argument. The jury's conviction on these counts was supported by ample evidence. *See, e.g.*, Tr. 3502–03, 3476–78, 2779–81 (testimony showing that Mostafa provided satellite telephones to the kidnappers); Tr. 2909–18 (Mostafa's October 2000 taped interview, in which he voiced support for the man who led the kidnapping and admitted to speaking with him during the hostage taking).

In sum, the district court did not err in finding that there was "no 'real concern that an innocent person may have been convicted.'" App'x at 105 (quoting *Ferguson*, 246 F.3d at 134). We have considered the remainder of Mostafa's arguments and find them to be without merit. For the foregoing reasons, we affirm the orders of the district court. Mostafa's request for remand for further factual development is denied.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court